350

In the Matter of CONRAD L. BERKE, Respondent, against JOSEPH SCHECHTER et al., Constituting the City Civil Service Commission of the City of New York, Appellants.

First Department, April 1, 1958.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney). for appellants.

*Emanuel Thebner* of counsel (*Robinson, Thebner & McLaughlin,* attorneys), for respondent.

*Per Curiam.* In this article 78 proceeding the petitioner seeks to annul a determination of the Civil Service Commission striking his name from the eligible list for patrolman. A trial was granted as to a specific issue of fact. While from the

opinion of the trial court it is apparent that it considered itself limited to the determination of that specific issue, it nevertheless did make a final order dismissing the petition " on the merits " as it had the power to do under section 1295 of the Civil Practice Act.

It is from the portion of the order of dismissal which grants the petitioner " leave to apply de novo to the Civil Service Commission for a certification and, in the event of a denial, to apply to the Court under Article 78 for an order directing certification " that the respondent appeals.

The dismissal of the petition on the merits determines the propriety of the act complained of, i.e., the striking of the petitioner's name from the eligible list. There being no appeal from that portion of the order we may not review it.

However, were we to do so, we would be obliged to uphold the determination of the commission. We agree with the trial court in its recognition of the right of the Civil Service Commission, in determining the fitness of the petitioner to serve as a patrolman, to consider *de novo* the conduct of the petitioner which led first to his court martial conviction on the charge of forgery and then upon review, to his final acquittal. The commission was not bound by the ultimate finding of the Military Court of Review — especially so since that court directed acquittal because it felt that the petitioner was not proven guilty beyond a reasonable doubt. We cannot say that, in finding the petitioner unfit by character to serve as a patrolman, the commission acted either arbitrarily or capriciously and we would therefore be constrained to support the dismissal of the petition on the merits.

There is no basis for the second decretal portion of the order which permits the petitioner to make an application *de novo* to have his name certified for appointment and allowing an article 78 proceeding in the event the commission should refuse to so certify him. The petitioner may not be certified unless his name is on the list of eligibles and here the action of the commission striking him from the list of eligibles has been confirmed. Moreover, to allow an article 78 proceeding in the event the commission fails to so certify him in advance of such action by the commission is to prejudge the propriety of the commission's action.

Accordingly, the order appealed from should be modified to the extent of striking therefrom the second decretal paragraph and as so modified the order should be affirmed, with costs.

RABIN, J. P., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Order so far as appealed from unanimously modified to the extent of striking therefrom the second decretal paragraph and, as so modified, the order is affirmed, with $20 costs and disbursements to the appellants.